**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

No. 02-4687

COREY LASHAWN EDWARDS,
*Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-98-152)

Submitted: April 17, 2003

Decided: April 23, 2003

Before WIDENER, WILLIAMS, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Paul A. Weinman, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Corey Edwards appeals his two-year custodial sentence imposed by the district court following his violation of the terms of his supervised release. In a brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), Edwards' attorney challenges the length of Edwards' revocation sentence. Edwards was apprised of his right to file a pro se supplemental brief but has not done so. We affirm.

We have thoroughly reviewed the record on appeal, including the nature and extent of Edwards' violations of his supervised release and the transcript of the revocation hearing. We conclude that the district court did not abuse its discretion in revoking Edwards' supervised release based on his admissions at the revocation hearing. *See United States v. Davis*, 53 F.3d 638, 642-43 (4th Cir. 1995). Hence, because the district court was presented with and explicitly considered the suggested sentencing range of *U.S. Sentencing Guidelines Manual* § 7B1.4 (2002), and the statutory maximum sentence of 18 U.S.C. § 3583 (2000), we find no error in Edwards' sentence. *See Davis*, 53 F.3d at 642-43.

As required by *Anders*, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm Edwards' sentence. Further, this court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*